IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 23-253 |
| ) | |
| MICHAEL RODICH ) | |

**ORDER OF COURT**

AND NOW, this 7th day of January, 2025, upon consideration of certain pretrial motions filed by Defendant Michael Rodich, (Docket Nos. 41, 42, 43, 44), the Government's Response thereto, (Docket No. 48), and Defendant's Reply, (Docket No. 58), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Preserve Law Enforcement's Rough Notes, (Docket No. 41), is granted in part and denied in part as follows:

   a. The Motion is granted to the extent Defendant requests the preservation of rough notes. *See United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act"); *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). Here, the Government represents that it already has, or it will, request Hermitage Police personnel, New Brighton Police personnel, and law enforcement from the Bureau of Alcohol, Tobacco and Firearms involved in this case to preserve any rough

1

notes, (*see* Docket No. 48 at 2), and it shall do so consistent with this Order.

b.  The Motion is denied to the extent Defendant requests that the Government be ordered to "identify any such rough notes and writings that are unable to be found, or were, in fact, destroyed since the inception of the investigation of this case, or any related investigation." (*See* Docket No. 41 at 4, ¶ 11). Defendant has not cited any precedent in support of this particular request, and the Court previously has denied a defendant's request for the same. *See United States v. Woznichak*, Crim. No. 21-242, Docket No. 70 at 2, ¶ 2.b (citing *United States v. Hitchcock*, No. 22-cr-180, 2023 WL 180081, at *7 (D. Minn. Jan. 13, 2023) (denying the defendant's request for the Government to provide an accounting of any rough notes that previously may have been destroyed) (citation omitted); *United States v. Ranallo*, No. 18-cr-285, 2019 WL 6975447, at *4 (D. Minn. Dec. 20, 2019) (same)).

2. Defendant's Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609,[1] (Docket No. 42), and Motion for Production of Exculpatory Evidence and Impeachment Evidence, (Docket No. 44), are denied as premature and without prejudice, as the Court will set deadlines for the disclosure of these materials in the pretrial order. In view of this ruling, Defendant's request for a pretrial hearing on the admissibility of any potential Rule 404(b)/609

---

[1] What constitutes "reasonable notice" under Rule 404(b) depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is reasonable. *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted). As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. *See* Fed. R. Evid. 609(b)(2).

evidence, (*see* Docket No. 42 at 2, ¶ 3), likewise is denied as premature and without prejudice.[2]

3. Defendant's broad Discovery Motion, (Docket No. 43), is denied as moot to the extent the Government has provided certain of the requested information as set forth in the Receipt for Local Criminal Rule 16.1 Material, (*see* Docket No. 22), and is further denied as premature and without prejudice given the Court's expectation that the Government will adhere to its ongoing obligations at the appropriate times under Federal Rule of Criminal Procedure 16, *Brady/Giglio* and Jencks. To the extent Defendant seeks particular information that he claims the Government has failed to produce consistent with its discovery obligations, he may file a renewed motion, which specifically identifies the information he seeks.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

[2] Generally, "objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case." *United States v. Bennett*, Crim. No. 3:21-cr-15, 2023 WL 2965699, at *1 n.2 (W.D. Pa. Apr. 17, 2023). With that said, the parties may opt to raise any 404(b) issues in motions in limine, for which filing deadlines will be established in the Court's pretrial order.