**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 23-253 |
| | ) |
| MICHAEL RODICH | ) |

**MEMORANDUM OPINION**

Presently before the Court is Defendant Michael Rodich's Motion to Sever, which is opposed by the Government. (Docket Nos. 40, 50, 59, 67, 69, 70). Oral argument was held on Defendant's Motion, and the transcript of that proceeding subsequently was produced. (Docket No. 66). After careful consideration of the parties' respective positions, the Court finds that severance of Counts One and Two of the Indictment from Counts Three, Four, and Five is warranted.

**I.    BACKGROUND**

Defendant was apprehended by the New Brighton Area Police on September 29, 2023 pursuant to an arrest warrant issued by Magisterial District Judge Mary A. Odem on May 12, 2023 in connection with robbery and firearm charges stemming from an incident that occurred at Dubz Vaporland ("Dubz") in Hermitage, Pennsylvania on May 9, 2023. In summary, an actor ultimately identified as Defendant displayed a semiautomatic handgun on the counter pointed toward a Dubz employee and told the employee to "give [him] all the money and be quiet."[1] (Docket No. 39-2 at 9). The employee handed the actor $506 in cash from the register, which he placed in his hoodie

---

1    As discussed in Part II.A., *infra*, in assessing whether offenses are properly joined, the inquiry focuses on the face of the Indictment. *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003). However, reference to other documents in the record is permissible to clarify factual connections between the counts. *United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (citation omitted). Accordingly, the Court relies on the Indictment and also refers to other documents the parties filed in connection with Defendant's pretrial motions, which are part of the record in this case, to assess whether factual connections exist between Counts One through Five of the Indictment.

pocket, and he also took a vape cartridge before departing the store. (*Id.*). The Hermitage Police responded to Dubz for a report of an armed robbery, and Hermitage Police Detective Todd Saylor subsequently executed an affidavit in support of a criminal complaint pursuant to which the arrest warrant was issued. (*Id.*).

Turning to the events of September 29, 2023, police in Beaver County were advised of an alert for Defendant, who was wanted in connection with the arrest warrant sought by the Hermitage Police and issued by Judge Odem. (*See* Docket Nos. 49-1 at 2; 49-2 at 4). New Brighton Police ultimately located Defendant outside of a Foodland store in New Brighton, Pennsylvania on September 29, 2023. (*See* Docket No. 49-2 at 4). An officer asked to speak with Defendant, but he attempted to flee and struggled with the police before he was ultimately restrained. (*Id.*). When Defendant was apprehended pursuant to the arrest warrant, he was found to have a gun in his waistband and a black metal case containing $2,380 in United States currency also was seized. (*Id.*). A search of his person additionally revealed a crack pipe, a piece of crack cocaine, and a small glass container with 38 pills stamped as Oxycodone, and a search of his backpack uncovered two baggies of crack cocaine, one bag of cocaine, one glass container of cocaine, 26 stamp bags of a substance that field tested positive for the presence of fentanyl/heroin, a digital scale, four hypodermic needles, a metal spoon, a loaded Springfield magazine, and additional ammunition. (*Id.*).

Defendant subsequently was charged in a five-count Indictment in this case with the following: Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); using, carrying and brandishing a firearm during and in relation to a crime of violence and possession of a firearm in furtherance thereof, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii) (Count Two); possession with intent to distribute a quantity of fentanyl, a quantity of crack cocaine and a quantity

of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Four); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). (Docket No. 1). The conduct underlying counts One and Two is alleged to have occurred on May 9, 2023, and the conduct underlying Counts Three, Four, and Five is alleged to have occurred on September 29, 2023. (*See id.*).

## II.  DEFENDANT'S MOTION TO SEVER

Defendant now moves to sever Counts One and Two of the Indictment from Counts Three, Four, and Five, arguing that the two sets of offenses are improperly joined under Federal Rule of Criminal Procedure 8(a). (Docket No. 40 at 3-6). Even if the Court finds that all counts are properly joined, Defendant contends that severance is warranted under Rule 14(a) because joinder of the two sets of offenses unfairly prejudices him and may violate his Fifth Amendment rights because it may deter him from testifying about one set of offenses to his own peril if he wishes to remain silent as to the other set of offenses. (*Id.* at 6-8). Additionally, Defendant maintains that the interests of judicial economy that underlie joinder are not served by a joint trial here because the two sets of offenses involve different witnesses, time periods, and evidence. (*Id.* at 2). In Defendant's estimation, the need for extensive voir dire, multiple limiting instructions, and other safeguards to ensure appropriate consideration of the two sets of offenses will actually increase the time and resources required to conduct a fair trial. (*Id.*).

The Government responds that severance is unwarranted because the charges are logically connected and there is common evidence pertaining to both sets of charges. (Docket Nos. 50 at 2; 67 at 7). To that end, the Government submits that common evidence of Defendant's attempt to evade the arresting police in September 2023 reflects his consciousness of guilt for the offenses

3

that are alleged to have occurred in both May and September of that year. (Docket No. 50 at 2-3). Because evidence of Defendant's flight from the police is admissible and relevant to each of Counts One through Five, the Indictment should remain joined in the Government's view. (*Id.* at 3). The Government also maintains that joinder of the charges is appropriate to promote judicial economy and is thus proper under Rule 8(a). (*Id.* at 3-4). Additionally, the Government argues that Defendant has not shown substantial prejudice so all counts of the Indictment should remain joined for purposes of judicial economy, particularly given that the evidence is sufficiently simple such that a jury will be able to separate the conduct applicable to each charge. (*Id.* at 4-5). Finally, the Government submits that any concerns about prejudice can be mitigated by proper limiting instructions. (*Id.* at 5).

Following oral argument on Defendant's Motion to Sever, and in accordance with the Court's Order, (*see* Docket Nos. 64, 65, 66), the parties filed supplemental briefing further amplifying their respective positions concerning the issue of severance. (*See* Docket Nos. 67, 69, 70). Defendant's Motion is now ripe for disposition.

A.    **Legal Standard – Joinder and Severance of Counts**

According to Rule 8(a), an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). For instance, "counts are similar if they are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection and can be tried using the same evidence." *Heilman*, 377 F. App'x at 202 (citing *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008); *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) ("[W]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate.")).

Further, courts have found sufficient connections between offenses undertaken in furtherance of and in association with a charged enterprise or conspiracy. *Id.* (citing *Irizarry*, 341 F.3d at 289-90) (concluding same act or transaction requirement satisfied where indictment charged criminal acts either as predicates for racketeering or as acts undertaken in furtherance of commonly charged RICO enterprise)). Sufficient connections also have been found where different offenses constitute components of one enrichment scheme. *See United States v. Fattah*, 858 F.3d 801, 819 (3d Cir. 2017) (explaining that charges of tax fraud and bank fraud were parts of a common plan or scheme because the defendant would "use false tax information to convince banks to offer him loans" such that "the different offenses represent different components of a single 'enrichment scheme' "). Additionally, "offenses may be joined if they occurred within a relatively short period of time of each other and the evidence of each overlaps." *Heilman*, 377 F. App'x at 202; *see also United States v. Torres*, 251 F. App'x 763, 764 (3d Cir. 2007) (holding that multiple robberies were properly joined as part of a common plan or scheme because "evidence from each of the robberies would have been admissible in separate trials to demonstrate [the defendant's] identity as one of the robbers").

   As noted at the outset, the inquiry whether offenses are properly joined focuses on the face of the indictment, rather than the proof to be produced at trial. *See Irizarry*, 341 F.3d at 287. However, a court may look beyond the face of the indictment in limited circumstances, such as where pretrial documents clarify the factual connections between the counts. *Heilman*, 377 F. App'x at 202 (citing *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992) ("Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted.")). The court also may consider any offers of proof submitted by the Government. *United States v. Avila*, 610 F. Supp. 2d 391,

395 (M.D. Pa. 2009) (citing *McGill*, 964 F.2d at 242) (approving that the district court permitted the Government to "proffer" the evidence it would adduce at trial to connect tax and non-tax charges).

Properly joined charges may, however, be severed pursuant to Federal Rule of Criminal Procedure 14, which deals with relief from prejudicial joinder. According to Rule 14(a), if the joinder of offenses in an indictment appears to prejudice a defendant, the court may order separate trials of counts or provide any other relief that justice requires. Fed. R. Crim. P. 14(a).

A motion for severance under Rule 14 rests in the sound discretion of the district court. *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). "Mere allegations of prejudice are not enough; and it is not sufficient simply to establish that severance would improve the defendant's chance of acquittal." *Id.* Instead, a defendant must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial. *Id.* Notably, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.' " *United States v. Adens*, Crim. No. 12-616, 2015 WL 894205, at * 2 (E.D. Pa. Feb. 27, 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). In order to determine whether a defendant is prejudiced by joinder of multiple charges, courts consider factors such as whether the presentation of separate counts with distinct and extensive evidence would confuse the jury, whether the charging of several crimes would make the jury hostile, and whether the jury would be able to segregate the evidence as to each count. *Torres*, 251 F. App'x at 764.

### B. Counts One and Two of the Indictment Are Not Properly Joined With Counts Three, Four, and Five

Defendant argues that joinder is improper under Rule 8(a) because the offenses are not of the same or similar character; they are not based on the same act or transaction as they were committed 4½ months apart, in different locations and with purportedly different purposes; and

the Indictment fails to allege that the Hobbs Act robbery and firearm offense on May 9, 2023 constituted a common scheme or plan with the drug offense and firearm offenses that occurred on September 29, 2023. (Docket No. 40 at 4). In light of the prevailing legal standard, the Court finds that the two sets of charges are not properly joined.

In opposing Defendant's Motion, the Government does not specifically contend that the charges "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Nor could the Government do so. Clearly, the armed robbery in May 2023 and the drug and firearm offenses that occurred 4½ months later in September 2023 are not based on the same act or transaction. Furthermore, the Indictment does not allege a common scheme or plan between the armed robbery in May 2023 and the drug and firearm offenses in September 2023, and no pretrial documents or offer of proof by the Government disclose a common scheme or plan between the counts.

Instead, the Government premises its position that joinder is proper on the supposed similar character of the offenses, arguing that they are logically connected and share evidence. (*See* Docket Nos. 50 at 2-3; 67 at 7); *Heilman*, 377 F. App'x at 202 (observing that counts are similar if, *inter alia*, they "otherwise have a sufficient logical connection and can be tried using the same evidence."). This argument is unconvincing. First, the Court is not persuaded by the Government's contention that the following factors show a logical connection between the two sets of charges: the Hermitage Police informed the New Brighton Police that Defendant was in New Brighton's jurisdiction and there was an outstanding warrant for his arrest for the May 9, 2023 armed robbery; the Hermitage Police cautioned the New Brighton Police that they had not located the firearm used in the robbery and Defendant may be looking to die by "suicide by cop;" when the New Brighton Police executed the arrest warrant for Defendant, he tried to flee but was

unsuccessful; the New Brighton Police located a firearm in Defendant's front waistband, which was the same location where the actor concealed the firearm used in the robbery; the New Brighton Police located a loaded magazine, ammunition, drugs, drug paraphernalia and cash; and at the time of his arrest, Defendant was wearing a silver wallet chain just like the actor in the armed robbery. (*See* Docket No. 67 at 7). Other than listing these factors, the Government does not explain how they demonstrate a logical connection between the armed robbery on May 9, 2023 and the drug and firearm offenses on September 29, 2023.

In the Court's estimation, the two events occurring 4½ months apart were separate incidents which do not share a sufficient logical connection. The May 9th incident involved the armed robbery of Dubz located in Hermitage, Mercer County, Pennsylvania, and the September 29th incident involved evidence of controlled substance trafficking and firearm possession outside of a Foodland store in New Brighton, Beaver County, Pennsylvania. The only arguable connection is the involvement of a firearm in both incidents, yet the Government concedes that the firearm used in the May 9th armed robbery is not the same firearm Defendant had on his person on September 29th. (Docket No. 67 at 7, n.4). Under these circumstances, the connection between the two sets of charges is insufficient and tenuous at best.

Equally unpersuasive is the Government's contention that the two sets of charges share one common piece of evidence. On this point, the Government advocates that Defendant's attempt to evade the arresting police on September 29, 2023 reflects his consciousness of guilt for both the May 9th armed robbery and the September 29th controlled substance and firearm possession. (Docket Nos. 50 at 2-3; 67 at 7-8). In certain circumstances, "evidence of a defendant's flight after a crime has been committed is admissible to prove the defendant's consciousness of guilt." *United States v. Katzin*, 94 F. App'x 134, 138 (3d Cir. 2004) (quoting *United States v. Pungitore*, 910

F.2d 1084, 1151 (3d Cir. 1990)). Although Defendant's attempt to evade the arresting officers on September 29th potentially could be admissible to show consciousness of guilt vis-à-vis the controlled substance and firearm charges in Counts Three, Four, and Five, it is unclear whether such evidence could be admissible to show consciousness of guilt as to the May 9th Hobbs Act robbery and firearm charges in Counts One and Two. As other courts have reasoned, the probative value of flight evidence "obviously is diminished if the defendant has committed several unrelated crimes or if there has been a significant time delay between the commission of the crime or the point at which the accused has become aware that he is the subject of a criminal investigation, to the time of flight." *United States v. Blakey*, 960 F.2d 996, 1000-01 (11th Cir. 1992) (citing *United States v. Myers*, 550 F.2d 1036, 1051 (5th Cir. 1977) ("The more remote in time the alleged flight is from the commission or accusation of an offense, the greater the likelihood that it resulted from something other than feelings of guilt concerning that offense.")). On the present record, Defendant's alleged attempt to evade the arresting officers on September 29th is significantly less probative of his consciousness of guilt concerning the armed robbery at Dubz that occurred 4½ months earlier. What's more, the evasion/flight evidence is the ***only*** evidence the Government cites to supposedly show that evidence of the charges overlaps. That fact significantly undermines the Government's contention that the charges are logically related and thus properly joined. *See Heilman*, 377 F. App'x at 202 (citing *Graham*, 275 F.3d at 512) ("[W]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate.").

In the Court's estimation, the Hobbs Act robbery and firearm charges (Counts One and Two) and the controlled substance and firearms charges (Counts Three, Four, and Five) are not properly joined in the same indictment. The two sets of charges occurred 4½ months apart, they are factually distinct, there is not a sufficient logical connection between them, they are not based

on the same act or transaction, they are not connected with or constitute parts of a common scheme or plan, and the Government cites only one purportedly shared piece of evidence. *See United States v. Brown*, Crim. No. 07-0296-1, 2008 WL 161146, at *5 (E.D. Pa. Jan. 16, 2008) (finding that 3/12/06 firearm offense was not properly joined with 10/23/06 drug offenses because the 3/12/06 offense was completely unrelated both physically and temporally from any alleged drug activity; there was no apparent connection between the offenses; the 3/12/06 offense occurred more than seven months prior to the 10/23/06 offenses; the separate crimes were not alleged to be part of a common scheme or plan; and there were no proposed common witnesses). Under these circumstances, severance is warranted.

### III. CONCLUSION

Contrary to Federal Rule of Criminal Procedure 8(a), the charges in Counts One and Two of the Indictment are not properly joined with the charges in Counts Three, Four, and Five.[2] Although "[t]he Court does not come to this conclusion lightly or without due regard for the importance of judicial and prosecutorial economy of efforts and resources," *Brown*, 2008 WL 161146, at *4, the circumstances of this case warrant severance for the reasons explained herein. Accordingly, Defendant's Motion to Sever, (Docket No. 40), is GRANTED, and two separate trials will be held in this case. A trial on Counts One and Two will be held first. After that trial is concluded, the Court will empanel a new jury and conduct a trial on Counts Three, Four, and Five.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date: June 3, 2025

cc/ecf: All counsel of record

---

2  In light of this ruling, the Court need not address the issue of prejudice under Federal Rule of Criminal Procedure 14. *See Brown*, 2008 WL 161146, at *5, n.6 (declining to address prejudice under Rule 14 where joinder was improper under Rule 8).